UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L<small>ARRY</small> L<small>OVE</small>,

   Petitioner,

v.

K<small>ENNETH</small> R<small>OMANOWSKI</small>,

   Respondent.

_____/

Case No. 12-10381

S<small>ENIOR</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

M<small>AGISTRATE</small> J<small>UDGE</small> P<small>AUL</small> J. K<small>OMIVES</small>

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT

Petitioner Larry Love filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that he was incarcerated in violation of his constitutional rights. On July 31, 2013, Respondent filed a "Suggestion of Death," in which Respondent requests that the Court dismiss the petition on the ground that Petitioner is now deceased.

Respondent has submitted Petitioner's biographical information from the Michigan Department of Corrections Offender Tracking Information System ("OTIS"), which shows that Petitioner was discharged from custody on July 3, 2013 due to his death. A prisoner's death during the pendency of his habeas petition renders his habeas action moot. *See Claiborne v. United States*, 551 U.S. 87 (2007) (per curiam opinion vacating circuit court judgment as moot due to death

of petitioner); *McMann v. Ross*, 396 U.S. 118 (1969); *Beach v. Humphries*, 914 F.2d 1494 (table), 1990 WL 140574, at *1 (6th Cir. Sept. 21, 1990); *accord Griffey v. Lindsey*, 349 F.3d 1157 (9th Cir. 2003); *McMillin v. Bowersox*, 102 F.3d 987 (8th Cir. 1996); *Knapp v. Baker*, 509 F.2d 922, 922 (5th Cir. 1975).  Because Petitioner has died, the Court concludes that his habeas claims and this case have been rendered moot.

Accordingly, the Court **DISMISSES** as moot the petition for a writ of habeas corpus.  The Court also **DENIES** a certificate of appealability as a reasonable jury could not debate the correctness of this procedural ruling.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  This case is closed.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated: August 1, 2013